Our next case is case number 417-0560. People of the State of Illinois v. Roger Thornton. For the appellant, we have Mr. Jefferson. And for the appellee, Ms. Schrower? Schwerer. Schwerer. Okay. Thank you. You may proceed, counsel. May it please the court, counsel. My name is Jerry Jefferson. I'm with the Office of the State Appellate Member. And I represent Roger Thornton. Today, we're asking this court to find the writer of the post-conviction petition sitting at the gist of a constitutional claim in the current Illinois remedy and a remand for finding the counsel in the appropriate post-conviction proceedings. The facts of this case are straightforward. Roger grew up as an at-risk youth. He repeatedly ran away to escape his abusive father. He was bullied at school. He often lived on the streets and stole clothing and food to provide for himself. He was also in and out of free youth centers before his 17th birthday. It's no surprise that this case is based on an impulsive act. When Roger returned to collect payment for a job he had done earlier in the day, and the elderly gentleman for whom he did the work refused to pay, Roger acted in an ill-considered and rash manner, and repeatedly hit the man, resulting in his death. Then, in sentencing, the court did not discuss Roger's youth or found that he was primarily deportable or sent to a community correctional prison. Based on the events in this case, if Roger had been 17 at the time of his defense, this court would be remanding for a new sentencing hearing. But because he was one year, in some ways, over 17, the question here is whether the sentencing protection reported by the Constitution for those defendants who are under 18 at the time of the defense also applied to defendants who were 18 or older at the time of the defense. The issue is even narrower. This court needs only to decide whether Roger stated the gist of the meritorious claim. So, in other words, this court needs to decide whether there is an arguable basis for Roger's claim that his life without parole sentence as applied to his facts and circumstances violate the Eighth Amendment of the United States Constitution and the Enforcement of Penalties Clause of the Illinois Constitution. Now, regarding an arguable basis, there's really nothing on the record that completely refutes the factual allegations in Roger's petition. And his allegations aren't based on America's legal theory either. In People v. Harris, the defendant, who was just over 18 at the time of the defense, was sentenced to de facto life. Now, in appeal, he argued that his sentence violated both the Proportion of Penalties Clause and also raised the factual Eighth Amendment challenge. The court rejected both, but it's important to note that not only Harris precludes and has applied Eighth Amendment or Proportion of Penalties Clause. Essentially, the court said, because there was no intervention here and there were no findings of fact that Miller v. Alabama applied to those who were over 18 at the time of the defense, it couldn't make a judgment call on any as-applied challenge. Instead, it recommended that the defendant raise his findings in a post-conviction condition where additional facts could be alleged. So, to sum up, Harris, when given the opportunity, didn't close the door on as-applied challenges. Instead, it said we need facts and the appropriate vehicle in which to flush out these facts is a post-conviction condition. And that's what we have here. We have a post-conviction condition alleging that based on minority government and House and Harris, life without parole as applied to governor's facts and circumstances violates the Eighth Amendment and the Proportion of Penalties Clause. Substantively speaking, we know that Miller v. Alabama precludes mandatory life without parole in prison sentences for juveniles because they don't take into consideration youth and its characteristics. We also know that under Montgomery, Miller is retroactive. And in our Supreme Court's holding at Fulton, Miller protection is triggered by both mandatory and discretionary life sentences. The rationale under Montgomery, Miller, is that the juvenile brain and the adult brain are fundamentally different. The parts of the brain that control behavior, the ability to reason, really the ability to think prospectively, are not fully developed in juveniles. And so they possess transient qualities such as the preclusion of risk, the sexual peer pressure, disability, and emotionally charged settings. Basically, they're less palpable because they can't appreciate risks and consequences, but they possess a greater potential for rehabilitation because they've aged out of it. And we now know that the brain does not fully develop until we're under 20. So youthful offenders who are over the age of 18 at the time of their defense more closely resemble juvenile offenders than they do fully mature adults. And so it's at least arguable that the rationale underlying Miller is equally applicable to those who are over the age of 18 or older at the time of their defense because they have this diminished vulnerability and the potential for reform. And such is at least arguable that Rogers' life without parole sentence because he was just 19 at the time of his defense violates the 8th Amendment and Proportionate Penalties Clause. This rationale for Miller also informs our Proportionate Penalties Clause analysis. And we know that the Proportionate Penalties Clause is really a limitation on 8th Amendment penalties. So we can start from the baseline that the age of 18 is an arbitrary law. The transient qualities that we see in juveniles don't naturally disappear on an offender's 18th birthday. The maturation process is gradual. We also know that these types of trauma that I described that Roger experienced during his childhood is slow in the maturation process. The unstable home environment, his responses to bullying at school, and his encounters with the juvenile justice system. And that would have to be also taken into consideration when deciding whether or not it's arguable that his life without parole sentence shocks the moral sense of the community, which in and of itself is an evolving standard. We know that the needle is consistently moving towards an acceptance that defendants who are over 18 at the time of their defense more closely resemble juveniles than they do adults. And probably the best way to gauge that is the legislature. And moreover, people are probably best reflected by asking the legislature. Two examples. First is that the age of what's considered, who is considered a late-born minor was raised in 2014. We also know now that those convicted of first-degree murder who are under 21 at the time of their defense are eligible for parole after 20 years. And finally, we know that courts are now going to accept this argument that I made here today. Harris could have shut the door on these plaintiffs. It didn't. It said, we need more facts. And the way to get these things reviewed is to file a PC. And it's not just that Harris didn't foreclose this type of proceeding. It explicitly invited it. When you look at paragraph 48, and this is the portion of the decision where the court is talking about the defendant's as-applied challenge. And here, the defendant is 18, so obviously we're dealing with an apples-to-apples comparison with our case. And the Supreme Court, paragraph 48 said, we believe defendant's claim is also more appropriately raised in another proceeding after having specifically indicated that in Thompson, it had observed the defendant was not necessarily foreclosed from raising his as-applied challenge in another proceeding. So it seems to me that our Supreme Court is saying in Harris that the avenue for raising an as-applied challenge in a proportionate penalties case involving a defendant of this age is in a post-conviction setting. Correct. I believe that's an accurate assessment. Yeah. So Harris invites a youth homeowner who's over 18 at the time of defense to file this claim in a post-conviction position. And then I would also direct this court to People v. House, which is a recent case from the first district in which they did in fact decide that life without parole as applied to the defendant who was similar age to Roger at the time of community defense was violated of the proportionate penalties clause. So if there are no further questions, we ask this court to find that Roger stated at least a gist of the claim and remand for appointment of counsel in a second state proceedings. Alternatively, we ask this court to find that Roger stated a substantial violation of his constitutional rights and remand for a third state trial. Thank you, counsel. Ms. Schwerer, did I get it right that time? That's right. Okay. Good afternoon. May I please report? My name is Melissa Schwerer and I'm here today on behalf of the state and this is my first appearance before this court. Your Honors, the issue here today is that the defendant is asking the court to believe that his cruel, unusual, and disproportionate to sentence an adult offender convicted of murder to life in prison in this state. He's asking you to extend the Miller decision to adult offenders and make age a mandatory mitigating factor that the court must consider. I'm happy to also answer any questions you have. He wants you to basically create a brand new category of offenders for sentencing purposes, a category that has not been contemplated by the legislature nor yet approved by the courts. We have juvenile offenders governed by the Juvenile Court Act and we have adult offenders, of course, governed by the Criminal Code. This in-between category of youthful adult offenders does not currently exist. If you agree with the defendant today, this court would be the first in this state and possibly the country that I'm aware of to create such a category. Defendant's argument is also contrary to common sense. On one hand, he claims that his sentence violates his constitutional rights. On the other hand, he asks you to create the very category of offenders that would offer him and his protection. Can you clarify something? When you say we'd be the first court to so hold, to hold what? And I'll ask a follow-up question after you clarify that. To hold that a 19-year-old who's an adult should be afforded these protections that Miller provides. What about being the first court to allow a defendant to proceed in a post-conviction setting on an as-applied challenge under the proportionate penalties clause? I'm not aware of any case, Bob, where an adult offender was allowed to do that. Isn't that people v. Harris? What I was just reading, understanding in that case they didn't remand for that particular reason. They remanded for a different reason. But with what I had read to Mr. Jefferson, it would seem that Harris was endorsing that procedure in a post-conviction setting. Correct. And that's the Illinois Supreme Court. Is that incorrect? No, I would defer to your interpretation of that case, Bob. I guess my interpretation was that since the situation in that case was not a post-conviction proceeding, we don't really know in that setting what the court would have, how the court would have ruled there. If there was absolutely no basis for proceeding in the post-conviction setting, I don't know if you have an explanation why the court would suggest that. Well, there's a couple things that were different factually about that case, from what I recall. The record was a little bit more established as to mitigating evidence that the defendant presented about his rehabilitative potential, and I think the court discussed that in the decision. And that's a point that I was going to get to later, but the defendant in this case presented no mitigating evidence for himself. He didn't argue that he should be sentenced to a lower penalty, that he should receive parole. I wanted to ask you, this, of course, was a plea agreement, right? Correct. What impact does that have on our analysis? Well, I think it has a large impact, Your Honor, because he agreed to this sentence. It was a fully negotiated plea agreement. It wasn't an open plea or a sentencing by the court. He negotiated this agreement, and I think in that situation, he waived his right to argue the negation at this point. He could have said that his youth was a factor, and he could have said I was impulsive, I was under the influence, I had all these life circumstances which surely were unfortunate, but he didn't. He stood up and said he agreed to that sentence, and he received the benefit of that agreement because he avoided the possibility of the death penalty had he gone to trial in that case. Does that answer your question? I think you addressed it. Okay. So the state's position is basically that this category that he wants you to create doesn't exist. He needs the protection of a juvenile offender, but he was an adult at the time. So the defendant admits basically that the Constitution doesn't currently offer him the rights he claims to violate, and he made this deal. The defendant is also asking the court to create a mandatory mitigating factor for this new class of youthful adult offenders that he wants you to create, saying that the court must consider a defendant's youth despite being an adult, even when the defendant himself doesn't present that factor to the court or ask that it be considered. If the legislature wanted to make this a mitigating factor that the court must consider, it could do so. And likewise, the legislature could extend the age of juvenile offenders, but it hasn't. Certainly, the research into juvenile development is compelling, but the state's position is that the law isn't there yet. And at this point, we only have two categories, and that is juvenile and adult, and there's a bright line drawn for that at age 18. The defendant has failed in this case to present even the gist of the constitutional claim. So if there are no further questions, I just ask your honors to affirm the trial court's dismissal of the defendant's position. Thank you, counsel. Thank you. Any rebuttal, Mr. Jefferson? Thank you, Your Honor. I would just start by reiterating that we're not asking this court to grant ultimate rebuttal. We're not asking this court to decide that Roger is, in fact, entitled to be sentenced here. We're asking this court to determine, at the very least, that he's stated the basis on an arguable basis that his life-or-death parole sentence violates the 8th Amendment and the 14 penalties clause. We're not asking for an extension of the motor outright. We're asking for this court to apply the rationale of the motor to two youthful offenders who are over the age of 18. It's an as-applied challenge. We're not asking for this court to create a class of offenders who are over 18 at the time of their defense. I would note that while, at the moment, juvenile court jurisdiction ends at the age of 18, there is a bill in the Senate, 0239, that will gradually raise the age for the recognition of a juvenile offender to the age of 19, which is, again, further evidence of our evolving standards of what shocks the moral conscience. As far as mitigating evidence, the trauma that I've described at the beginning of my opening argument is exactly the kind of mitigating evidence that would be considered an additive sentencing to his home environment. Again, bullying in school, having to defend for himself at a very young age. And so he did, in fact, allege mitigating evidence, which is, again, not necessarily relevant to this court's determination. It's certainly evidence in favor of defiance there's an argument basis. What about counsel's comments, opposing counsel's comments with respect to the fact that this is a plea agreement? It was a plea agreement, but he entered this plea without all the relevant information. At the time he did, we were unaware of what we would know 20 years later regarding adolescent brain removal. The fact that juveniles, even those over 18, possess these transient qualities, because the prefrontal cortex controls decision-making and judgment. It doesn't finish developing until we're in our mid-20s. It's fundamentally fair to hold against Roger the fact that it didn't circumcise, that it didn't exist at the time of his plea. It wasn't recognized until almost 25 years later, which is a reason why Miller is retroactive to give those that otherwise are unaware of this claim a chance at getting an individualized determination of their rebuilding. So again, we just ask that this court find at least there's an argument basis to Roger's claim. Any further questions? I don't see any. Thank you, counsel. We'll take this matter under advisement and be in recess until the next case.